UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SEBASTIAN FERNANDEZ, individually and on behalf of all other similarly situated individuals, <br><br> Plaintiff, <br><br> - against - <br><br> OMAR'S PLANET PIZZA LLC d/b/a PLANET PIZZA and OMAR BARRIGA, <br><br> Defendants. | CIVIL ACTION NO. <br><br><br><br><br><br> July 10, 2021 |

# COLLECTIVE ACTION COMPLAINT

## I. INTRODUCTION

1. This is an action for compensatory damages, liquidated damages, penalty damages and attorneys' fees brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-58, et seq. and Conn. Gen. Stat. § 31-72 (collectively "CMWA").

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331.

3. This Court has jurisdiction over Plaintiff's CMWA claims pursuant to 28 U.S.C. § 1367 since they are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue is proper in this district under 28 U.S.C. § 1391 because the acts or omissions giving rise to the claims in this Complaint took place in this district.

## III. **PARTIES**

5. Plaintiff, Sebastian Fernandez ("Fernandez"), is an individual residing in Fairfield County, Connecticut. At all times relevant to this Complaint, Fernandez was an employee of Omar's Planet Pizza LLC d/b/a Planet Pizza ("Planet Pizza") and Omar Barriga ("Barriga") (collectively "Defendants").

6. Defendant Omar's Planet Pizza LLC is a Connecticut corporation with a principal place of business located at 383 Post Road East, Westport, Connecticut 06880.

7. At all times relevant to this Complaint, Planet Pizza was the employer of Fernandez and all other similarly situated individuals, as that term is defined in the FLSA and CMWA.

8. On information and belief, Defendant Barriga is the CEO and owner of Planet Pizza and resides in Fairfield County, Connecticut.

9. At all times relevant to this Complaint, Barriga was the individual within Planet Pizza with the ultimate and exclusive authority to set the hours of employment, to direct the work and to pay the wages of Fernandez and all other similarly situated individuals.

10. Barriga's exercise of that authority was the direct cause of Planet Pizza's failure to pay wages as set forth below.

11. Accordingly, Barriga was the employer of Fernandez and all other similarly situated individuals, as that term is defined in the FLSA and CMWA.

## IV.  COLLECTIVE ACTION ALLEGATIONS

A.  **The FLSA Class**

12. Fernandez brings this action on behalf of himself and all other similarly situated employees, present and former, who were and/or are affected by the actions, policies and procedures of Defendants as described herein.

13. In addition, and in the alternative, Fernandez brings this action in his individual and personal capacity, separate and apart from the class claims set forth herein.

14. The FLSA class is defined as follows:

> All current and former employees of Defendants who were employed as Delivery Workers and Kitchen Workers (as hereinafter defined) at any time after June 9, 2018 through the date of the final judgment.

15. Fernandez reserves the right to amend said class definition consistent with information obtained through discovery.

16. Fernandez sues on behalf of himself and those members of the FLSA class who have filed or will file with the Court their consents to sue.  This is an appropriate collective or representative action under 29 U.S.C. § 216(b), sometimes referred to as an "opt-in class action," in that Fernandez and the members of the putative class are similarly situated.

17. Defendants have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Fernandez and other similarly situated employees and former employees in accordance with the provisions of the FLSA.

## V.  FACTS

18. From on or about June 2020 through on or about September 20, 2020, Fernandez was employed by Planet Pizza.

19. Fernandez was employed by Planet Pizza as a delivery worker ("Delivery Worker").

20. Fernandez was one of approximately six Delivery Workers employed by Planet Pizza at any given time.

21. Fernandez and the other Delivery Workers were primarily responsible for making food deliveries to customers.

22. In addition to their primary duties, Fernandez and the other Delivery Workers performed tasks including but not limited to cleaning windows, bathrooms and other areas of the pizzeria.

23. Throughout his employment, Fernandez was scheduled to work six days per week.

24. Throughout his employment, the shifts Fernandez worked each week varied.

25. When Fernandez was scheduled to work for more than 7 and a half consecutive hours, he was not given an uninterrupted meal break.

26. Fernandez customarily and regularly worked between 50 and 60 hours per week.

27. Fernandez was required to "clock in" and "clock out" at the beginning and end of each shift using an electronic device that kept track of his total hours worked per week.

28. Fernandez was only paid for the first 40 hours he worked.

29. Each week Fernandez incorrectly received a paystub listing him as having only worked 40 hours a week.

30. Defendants provided Fernandez a paystub listing him as having only worked 40 hours a week despite providing him timesheets listing him as having worked more than 40 hours a week.

31. The other Delivery Workers also customarily and regularly worked between 50 and 60 hours per week.

32. On information and belief, the checks given to the other Delivery Workers employed by Planet Pizza also listed only the first 40 hours worked and they were not paid for all hours worked.

33. Fernandez and all other Delivery Workers employed by Planet Pizza were not paid any overtime compensation at a rate of one-and-one-half times their regular rate of pay for all hours over 40 per week, as required by the CMWA and FLSA.

34. On information and belief, employees working in the kitchen of Planet Pizza were compensated similarly to the Delivery Workers, in the manner set forth above.

35. These employees include but are not limited to cooks, food preparers and dishwashers ("Kitchen Workers").

36. The Kitchen Workers were also not paid any overtime compensation at a rate of one-and-one-half times their regular rate of pay for all hours over 40 per week, as required by the CMWA and FLSA.

### VI. COUNT ONE - COLLECTIVE ACTION CLAIM UNDER 29 U.S.C. § 216(b) FOR VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND THE FLSA CLASS

37. Based on the foregoing, Defendants' conduct in this regard was a willful violation of the FLSA, in that Defendants knew or should have known that Fernandez and all other members of the FLSA class were entitled to be paid one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) per week but failed to do so.

38. Accordingly, Fernandez and all other members of the FLSA class are entitled to compensation at one-and-one-half times their regular rate of pay for all hours worked in excess of

forty (40) per week, liquidated damages, attorneys' fees and court costs, pursuant to 29 U.S.C. § 216(b).

### VII.   COUNT TWO - CLAIM FOR VIOLATION OF THE OVERTIME PROVISIONS OF THE CMWA ON BEHALF OF PLAINTIFF

39.   Based upon the foregoing, Defendants' conduct in this regard was a willful violation of the CMWA, in that Defendants knew or should have known that Fernandez was entitled to be paid one-and-one-half times his regular rate of pay for all hours worked in excess of forty (40) per week, but failed to pay him accordingly.

40.   Defendants' conduct in failing to pay Fernandez his earned compensation was unreasonable, arbitrary and/or in bad faith, in that Defendants knew or should have known that their employees were entitled to be paid for all hours worked in excess of forty (40) per week at one-and-one-half times their regular rate of pay, but failed to pay them accordingly.

41.   Accordingly, Fernandez is entitled to compensation at one-and-one-half times his regular rate of pay for all hours worked in excess of forty (40) per week, penalty damages, attorneys' fees, and court costs, pursuant to Connecticut General Statutes §§ 31-68 and 31-72, respectively.

### VIII.   DEMAND FOR RELIEF

WHEREFORE, Plaintiff claims, individually and on behalf of all other similarly situated persons:

    a.   That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have been at any time during the three years immediately preceding the filing of this suit, employed by Defendants as Delivery Workers and Kitchen

Workers.  Such notice shall inform them that this civil action has been filed, the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

      b.      Unpaid overtime wages under the FLSA;

      c.      Unpaid overtime wages under the CMWA;

      d.      Liquidated damages under the FLSA;

      e.      Penalty damages under the CMWA;

      f.      Pre-judgment and post-judgment interest, as provided by law;

      g.      Attorneys' fees and costs of suit under the FLSA and CMWA, including expert fees; and,

      h.      Such other and further relief as the Court deems just and equitable.


Dated:      July 10, 2021
              New York, New York

              Plaintiff, Sebastian Fernandez

**THE LAW OFFICES OF JACOB ARONAUER**

By:     */s/ Jacob Aronauer*
          Jacob Aronauer, Esq.
          225 Broadway, 3rd Floor
          New York, NY 10007
          (212) 323-6980
          jaronauer@aronauerlaw.com
          *Attorney for Plaintiff*